OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

February 27, 1939

Honorable Rollin McCord
County Attorney, Lynn County
Tahoka, Texas

Dear Sir:

Opinion No. O-160
Re: 1. Validity of order entered by Com-
missioners Court after its first
regular term.
2. Compensation allowed County Judge
in county of 12,372 population.
3. Compensation allowed County Com-
missioners in county of 12,372
population.

We are in receipt of your request for our opinion
as to the legality and validity of an order entered by the
Commissioners' Court of Lynn County on February 14, 1938.
You call our attention to the fact that Article 2350(2),
R.C.S., as amended, provides in substance that the Commis-
sioners Court, at its first, regular meeting each year,
shall fix the salaries of the County Commissioners for such
year.

Article 2350(2), supra, reads as follows:

"The Commissioners Court at its first regular
meeting each year shall, by order duly made and
entered upon the Minutes of said Court, fix the
salaries of the county commissioners for such year,
within the limits as provided for in this Act."

It is our opinion that the terms of said Article,
insofar as they apply to the time said order shall be entered,
are directory and not mandatory. (See Hamebro vs. Neiderhofer,
88 S. W. (2d) 485.)

You further ask whether the Commissioners Court
could fix the salary of your County Judge at $2,400.00 an-
nually, and the salary of your County Commissioners at

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL

$1,400.00 annually. You state that the assessed tax valuation of your county is between six and seven million dollars, and that your population as of the last federal census was 12,372.

In regard to the salaries which could be paid your County Judge, we think that Section 1 of Article 3883, R.C.S., as amended, would be applicable. Said section of the Article provides as follows:

"In counties containing twenty five (25,000) thousand or less inhabitants; County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each."

We think that Article 2350, R.C.S., as amended, controls as to salaries which may be paid to your County Commissioners. Insofar as it is applicable to counties of your tax valuation, it provides as follows:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

| Assessed Valuations | Salaries to be paid each Commissioner |
|---|---|
| $6,000,001 and less than $10,000,000 not to exceed | $1400.00" |

This Department has heretofore held that the Commissioners Court of any county has the right, in its discretion, to fix the maximum salaries allowed by law; this being

true, we do not believe that you have any basis or cause of action against the Commissioners Court, and it is our opinion that you cannot recover any amount, as the salaries fixed by the Court for the Commissioners and the County Judge, as stated in your letter, were within the maximum fixed by the statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (s)    Ed Roy Simmons
                        Assistant

ERS:PBP

APPROVED:

ATTORNEY GENERAL OF TEXAS